IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVE WISEMAN, RICHARD WALSH, JOE
FIJAK, and ROBERT CALDARELLA

    Plaintiffs,

v.

3:14-CV-420-PK

FINDINGS AND
RECOMMENDATION

NYXIO TECHNOLOGIES CORPORATION
and GIORGIO JOHNSON,

    Defendants.

PAPAK, Magistrate Judge:

    Plaintiffs Steve Wiseman, Richard Walsh, Joe Fijak, and Robert Caldarella filed this action against defendants Nyxio Technologies Corporation ("Nyxio") and Giorgio Johnson, Nyxio's principal, in the Multnomah County Circuit Court on February 2, 2014. Effective March 13, 2014, defendants removed plaintiffs' action to this court, on the basis of diversity jurisdiction.

    Plaintiffs allege defendants' liability for breach of contract and for misrepresentation.

Page 1 - FINDINGS AND RECOMMENDATION

This court has diversity jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1332, based on the amount in controversy and the complete diversity of the parties' citizenship.

Plaintiffs moved for partial summary judgment as to their breach of contract claim only on March 24, 2015. On March 25, 2015, I set oral argument in connection with the motion to be heard on May 13, 2015. Defendants filed no response in opposition to plaintiffs' motion.

On May 7, 2015, shortly before oral argument was scheduled to be heard on plaintiffs' motion, counsel for defendants filed a motion for leave to withdraw from representation of the defendants. On May 8, 2015, I granted counsel's motion and struck the scheduled oral argument from the calendar, directing defendants to advise the court within 30 days of the status of their efforts to obtain replacement counsel. Having heard nothing from the defendants, on July 7, 2015, I set oral argument in connection with plaintiffs' motion to be heard on August 20, 2015, expressly directing Johnson to appear in person at that hearing unless he had first obtained counsel to appear on his behalf. On August 20, 2015, neither Johnson nor any defense counsel appeared, and oral argument was held with only counsel for plaintiffs present.

At oral argument, I identified certain ambiguities in plaintiffs' evidentiary proffer in support of their motion, and directed plaintiffs' counsel to file supplemental briefing in support of plaintiffs' motion to clarify those ambiguities by August 27, 2015. I granted defendants the opportunity to respond to such supplemental briefing by not later than September 3, 2015, indicating that plaintiffs' motion would be taken under advisement as of September 4, 2015.

By and through their supplemental briefing filed August 24, 2015, plaintiffs clarified the identified ambiguities in their evidentiary proffer in support of their motion, conceded that there was no basis for asserting Johnson's personal liability in connection with their breach of contract

Page 2 - FINDINGS AND RECOMMENDATION

claim, and reiterated their previously expressed stipulation that, in the event their motion were granted as to their breach of contract claim to the extent alleged against Nyxio, plaintiffs would seek dismissal of their breach of contract claim to the extent alleged against Johnson, would seek dismissal of their misrepresentation claim in its entirety, and would not seek imposition of punitive damages against either defendant. Defendants filed no response to plaintiffs' supplemental briefing at any time on or before September 3, 2015.

On September 4, 2015, Johnson telephonically requested extension of time to file briefing responsive to plaintiffs' supplemental briefing, indicating his intention to obtain counsel for himself and Nyxio. I granted the telephonic request, and directed defendants to file responsive briefing by September 18, 2015. On September 21, 2015, defendants having filed no response to plaintiffs' supplemental briefing (or in opposition to plaintiffs' motion), Johnson requested via email a further extension of time in which to respond, for the first time expressly indicating his intention to challenge plaintiffs' evidence that they fulfilled their obligations under their contracts with Nyxio as well as his intention to challenge other aspects of plaintiffs' evidentiary proffer. On September 22, 2015, I set a telephone conference for September 23, 2015, to discuss Johnson's request, directing plaintiffs' counsel and Johnson to participate. At the conference of September 23, 2015, Johnson reiterated his intention to obtain counsel to represent him and Nyxio in this matter, and I directed him to advise the court of the status of his efforts to do so by not later than October 2, 2015. On October 1, 2015, Johnson advised the court via email that he would be unable to obtain defense counsel, and that he understood that the consequence of Nyxio's failure to appear through counsel to oppose plaintiffs' motion would be disposition of plaintiffs' motion on the basis of plaintiffs' evidentiary proffer alone.

Page 3 - FINDINGS AND RECOMMENDATION

Now before the court is plaintiffs' motion (#33) for partial summary judgment as to their breach of contract claim only. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, plaintiffs' motion should be granted, plaintiffs should be awarded damages on their breach of contract claim against Nyxio in the amount of $487,785.10, and plaintiffs' claims other than their breach of contract claim to the extent alleged against Nyxio should be dismissed pursuant to plaintiffs' stipulation. A final judgment should be prepared.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party taking the position that a material fact either "cannot be or is genuinely disputed" must support that position either by citation to specific evidence of record "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," by showing that the evidence of record does not establish either the presence or absence of such a dispute, or by showing that an opposing party is unable to produce sufficient admissible evidence to establish the presence or absence of such a dispute. Fed. R. Civ. P. 56(c). The substantive law governing a claim or defense determines whether a fact is material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the

United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## FACTUAL BACKGROUND

### I. The Parties

Plaintiff Wiseman is an individual resident of Illinois. Plaintiff Walsh is an individual resident of New York. Plaintiff Fijak is an individual resident of Illinois. Plaintiff Caldarella is an individual resident of California. Plaintiffs Wiseman, Walsh, Fijak, and Caldarella each entered into a contract with defendant Nyxio to perform consulting services on its behalf in Multnomah County, Oregon.

Defendant Nyxio is a corporation organized under the laws of the State of Nevada and headquartered in Oregon. Defendant Johnson, Nyxio's founder and principal, is an individual resident of Oregon. By and through their complaint, plaintiffs alleged that Nyxio is Johnson's *alter ego* for purposes of piercing the corporate veil, but plaintiffs have since abandoned that theory for present purposes.

### II. The Parties' Dispute[1]

Effective May 30, 2013, Wiseman and Nyxio entered into a Business Consulting Agreement pursuant to which Nyxio agreed to compensate Wiseman at a rate of $5,000 per month for a period of six months, such compensation to be payable, at Nyxio's option, either in

---

[1] Except where otherwise indicated, the following recitation constitutes my construal of the evidentiary record in light of the legal standard governing motions for summary judgment under Federal Civil Procedure Rule 56.

Page 5 - FINDINGS AND RECOMMENDATION

cash or in shares of Nyxio common stock. Nyxio thus agreed to compensate Wiseman in the total amount of $30,000, assuming Wiseman's performance of his own obligations under the agreement. Wiseman and Nyxio agreed that their agreement would be governed by Nevada law.

Also effective May 30, 2013, Walsh and Nyxio entered into a Business Consulting Agreement pursuant to which Nyxio agreed to compensate Walsh at a rate of $10,000 per month for a period of six months, such compensation to be payable, at Nyxio's option, either in cash or in shares of Nyxio common stock. Nyxio thus agreed to compensate Walsh in the total amount of $60,000, assuming Walsh's performance of his own obligations under the agreement. Walsh and Nyxio agreed that their agreement would be governed by Nevada law.

Also effective May 30, 2013, Fijak and Nyxio entered into a Business Consulting Agreement pursuant to which Nyxio agreed to pay Fijak a cash signing bonus of $50,000 within 90 days and additionally to compensate Fijak at a rate of $25,000 per month for a period of six months plus a lump sum of $150,000 to be paid at the end of that six month period, such compensation to be payable, at Nyxio's option, either in cash or in shares of Nyxio common stock. Nyxio thus agreed to compensate Fijak in the total amount of $350,000, assuming Fijak's performance of his own obligations under the agreement. Fijak and Nyxio agreed that their agreement would be governed by Nevada law.

Also effective May 30, 2013, Caldarella and Nyxio entered into a Business Consulting Agreement pursuant to which Nyxio agreed to compensate Caldarella at a rate of $10,000 per month for a period of six months, such compensation to be payable, at Nyxio's option, either in cash or in shares of Nyxio common stock. Nyxio thus agreed to compensate Caldarella in the total amount of $60,000, assuming Caldarella's performance of his own obligations under the

agreement. Caldarella and Nyxio agreed that their agreement would be governed by Nevada law.

Each plaintiff declares that he fully performed all of his obligations under his contract with Nyxio. There is no evidence of record to suggest to the contrary.

Each plaintiff additionally declares under oath that he was "never paid" in connection with his contract with Nyxio. However, by and through their complaint, plaintiffs alleged that on 13, 2013, Nyxio purported to tender payment to each plaintiff in the form of shares of common stock that, according to plaintiffs' allegations, was without any value. Moreover, notwithstanding those declarations and allegations, by and through their supplemental briefing of August 24, 2015, plaintiffs asserted to the court that Nyxio tendered payment to the plaintiffs in the form of 122,549,021 million shares of Nyxio common stock valued at that time at $0.0001. It is thus plaintiffs' current position that the value of the stock tendered by Nyxio toward its obligations under the four Business Consulting Agreements of May 30, 2013, was $12,254.90. Because the total amount of Nyxio's obligations under the four Business Consulting Agreements, assuming plaintiffs' faithful fulfillment of their obligations thereunder, was $500,000, plaintiffs now seek a total of $487,785.10 in damages from Nyxio on their breach of contract claim.

## ANALYSIS

"To prevail on a breach of contract claim [under Nevada law], the plaintiff must establish (1) the existence of a valid contract, (2) that plaintiff performed, (3) that defendant breached, and (4) that the breach caused plaintiff damages." *Schettler v. New Las Vegas Country Club*, 2014 Nev. Unpub. LEXIS 250, *2 (2014) (unpublished disposition of the Nevada Supreme Court); *see also, e.g., Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-920 (D. Nev. 2006) ("Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract,

Page 7 - FINDINGS AND RECOMMENDATION

(2) a breach by the defendant, and (3) damage as a result of the breach"), *citing Richardson v. Jones*, 1 Nev. 405, 405 (1865).

Although plaintiffs' breach of contract claim was originally brought against both defendants, as noted above plaintiffs concede that they are aware of no basis for extending Nyxio's liability on the four contracts to Johnson. Accordingly, and because the evidence of record appears to establish that only Nyxio and not Johnson was bound under the contracts at issue, plaintiffs' motion for partial summary judgment should be denied as to plaintiffs' breach of contract claim to the extent alleged against Johnson.

The evidence of record was all proffered by plaintiffs, with no opposing evidence offered by either defendant. That evidence tends to establish the existence of four valid contracts, plaintiffs' performance of their obligations thereunder, Nyxio's breach of its obligations thereunder, and plaintiffs' consequent damage. As a matter of law, this court should therefore find Nyxio in breach of each of the four Business Consulting Agreements of May 30, 2013, and plaintiffs' motion for partial summary judgment should be granted as to plaintiffs' breach of contract claim to the extent alleged against Nyxio.

The evidence of record specifically tends to establish Nyxio's liability to the plaintiffs in the total amount of $500,000. Without offering evidence in support, plaintiffs seek to amend that amount downward to $487,785.10 on the asserted ground that Nyxio tendered stock valued in the amount of $12,254.90 toward its $500,000 obligations. Rather than recommend that the court disregard plaintiffs' unsupported assertion and award plaintiffs $500,000 on the basis of the undisputed evidence of record, I recommend that the court accept plaintiffs' unsupported assertion as a modification of their prayer for damages, and instead award plaintiffs damages in

the requested amount of $487,785.10.

## CONCLUSION

For the reasons set forth above, the court should: (i) grant plaintiffs' motion (#33) for partial summary judgment as to plaintiffs' breach of contract claim to the extent alleged against defendant Nyxio, (ii) deny plaintiff's motion (#33) as to plaintiffs' breach of contract claim to the extent alleged against defendant Johnson, (iii) award plaintiffs' damages against defendant Nyxio on their breach of contract claim in the amount of $487,785.10, and (iv) dismiss plaintiffs' misrepresentation claim in its entirety and plaintiffs' breach of contract claim to the extent alleged against Johnson with prejudice. A final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately

/ / /

Page 9 - FINDINGS AND RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 6th day of October, 2015.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge